IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN PALUMBO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-614 |
| | § | |
| SEA-MAR MANAGEMENT, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Glenn Palumbo while working aboard the M/V CAPE KALIKANE.  Now before the Court comes Defendant Sea-Mar Management, L.L.C.'s ("Sea-Mar") Motion to Transfer to the Lafayette/Opelousas Division of the Western District of Louisiana.  For the reasons stated below, Defendant's Motion is **GRANTED**, and this case is **TRANSFERRED** to the Western District of Louisiana, Lafayette/Opelousas Division.[1]

## I.  Background

While working aboard the M/V CAPE KALIKANE, Plaintiff allegedly injured his neck, shoulder, and back while lifting a 400-pound mud pump.  Plaintiff now asserts causes of action against the M/V KALIKANE and Sea Mar Management, L.L.C.  Trial in this matter is set for August of this year.

## II.  Legal Standard

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed.").   In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III.  Analysis

### A.  Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H.

Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendant claims that the availability and convenience of witnesses supports transfer to the Western District of Louisiana.  Defendant lists five crewmembers who reside in Louisiana, Florida, and Washington.  These witnesses will undoubtedly testify about the sequence of events leading up to the accident, the status and condition of the vessel, the weather conditions, Plaintiff's job responsibilities, Plaintiff's condition after the accident, and Defendant's general operating procedures.  Defendant also lists several initial treating physicians located in Louisiana and Florida.

Plaintiff argues that his key experts, two current treating physicians and an economist, reside in the Southern District of Texas.

While fact witnesses are scattered throughout the country, none of them are located in this District.  Plaintiff's experts, though located in the District, are retained, and their testimony can be compelled by the Party paying them.  Additionally, they are witnesses that Plaintiff did not meet until after the commencement of litigation, so their convenience is given somewhat less weight than that of the fact witnesses.  Since the Western District of Louisiana is closer to the majority of the fact witnesses than is this Division, this factor weighs in favor of transfer.

B.  *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case.  Defendant has not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the

federal courthouse in the Western District of Louisiana.  *See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not support transfer.

### C.  *Cost of Obtaining Witnesses and Other Trial Expenses*

Litigation is inherently expensive, no matter the locale.  In this case, Defendant and most of the fact witnesses will be closer to the Western District of Louisiana, so trial would likely be less expensive for Defendant if it takes place in Louisiana.  However, Plaintiff's experts are here, so the opposite is true for him.  This factor does not weigh for or against transfer.

### D.  *Place of the Alleged Wrong*

This accident occurred while the vessel was afloat at the Port of Iberia in New Iberia, Louisiana, which is located in the Lafayette Division of the Western District of Louisiana.  Accordingly, this factor weighs for transfer.

### E.  *Possibility of Delay*

This case is not set for trial until August of this year.  While transfer will inevitably cause some delay, a transfer at this stage will not result in a delay so significant as to require retention.  This factor does not weigh for or against transfer.

### F.  *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference.  However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a

resident of Florida, so his choice of forum is entitled to little deference, especially since this case has no other connection to this District and Division.

## IV. Conclusion

After examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. Therefore, Defendant's Motion to Transfer Venue is **GRANTED**. This case is **TRANSFERRED** to the Lafayette Division of the Western District of Louisiana. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 15th day of February, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge